# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

CHRISTOPHER IVEY,

Plaintiff,

v.

CAL LUDEMAN[1]
and DEAN MOONEY,

Defendants.

Civil No. 05-2666 (JRT/FLN)

**ORDER ON REPORT AND RECOMMENDATION**

Christopher L. Ivey, Shantz 1-East, 100 Freeman Drive, St. Peter, MN, plaintiff *pro se*.

Margaret H. Chutich and Theresa Meinholz Gray, Assistant Attorneys General, **OFFICE OF THE MINNESOTA ATTORNEY GENERAL**, 445 Minnesota Street, Suite 900, St. Paul, Minnesota 55101-2127, for defendants.

Plaintiff brought this action under 42 U.S.C. § 1983 against defendants Cal Ludeman, acting Minnesota Commissioner of Human Services, and Dean Mooney, Director of the Minnesota Sex Offender Program ("MSOP"), alleging violations of his

---

[1] On July 25, 2006, Cal Ludeman was appointed to serve as acting Commissioner of the Minnesota Department of Human Rights. He is thus substituted as defendant in place of the former Commissioner of the Minnesota Human Rights Kevin Goodno pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

constitutional rights.[2]  Defendants moved to dismiss plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

In a Report and Recommendation dated August 17, 2006, United States Magistrate Judge Franklin L. Noel recommended that this Court grant defendants' motion to dismiss plaintiff's Due Process and Equal Protection Clause challenges to Minnesota Statute § 246B.04, subd. 2 (Count One), as well as plaintiff's First Amendment challenge to Minnesota Statute § 617.241, subd. 1(b) (Count Three).[3]  The Magistrate Judge also recommended that this Court deny defendants' motion to dismiss plaintiff's First Amendment challenge to Minnesota Statute § 246B.04, subd. 2 (Count Two), and his First and Fourteenth Amendment challenges to the MSOP Ban (Counts Four and Five). Defendants timely objected to the Report and Recommendation relating to Counts Two, Four and Five.  The Court has conducted a *de novo* review of plaintiff's objection under 28 U.S.C. § 636(b)(1)(C) and D. Minn. LR 72.2(b).  For the reasons explained below, the

---

[2] Count One alleges that Minnesota Statute § 246B.04, subd. 2 is unconstitutional, on its face and as applied to plaintiff, because it violates the Due Process and Equal Protection Clauses of the Fourteenth Amendment and Article 1, Section 2 of the Minnesota Constitution.  Count Two alleges that Minnesota Statute § 246B.04, subd. 2 is unconstitutional, on its face and as applied to plaintiff, on the grounds that the statute violates the First Amendment. Count Three alleges that Minnesota Statute § 617.241, subd. 1(b) is unconstitutional, on its face and as applied to all Minnesota citizens, on the grounds that it is overly broad and vague in violation the First Amendment. Count Four alleges that the MSOP Ban on Sexually Explicit and Obscene Material is unconstitutional, on its face and as applied to plaintiff, on the grounds that it is overly broad and vague in violation of the First Amendment. Finally, Count Five alleges that defendants' Ban on Sexually Explicit and Obscene Material is unconstitutional, on its face and as applied to plaintiff, on the grounds that it violates the Fourteenth Amendment by setting forth an indeterminate punishment for non-criminal behavior.

[3] As to Counts One and Three, the Court adopts the Magistrate Judge's Report and Recommendation recommending that this Court grant defendants' motion to dismiss because neither party filed objections.

Court adopts the Magistrate Judge's Recommendation as to Counts Two, Four, and Five, but defers its review of the Report as to those same Counts.

## BACKGROUND

The Minnesota Legislature enacted legislation in 1993 establishing a secure facility for sex offenders in Moose Lake, Minnesota. Minn. Stat. § 246B.02. The MSOP provides care and treatment to persons committed by the courts as "sexual psychopathic personalities" or "sexually dangerous persons" under the Minnesota Commitment and Treatment Act.

In 2004, the Minnesota Legislature enacted a "Ban on Obscene Material or Pornographic Work" with respect to MSOP patients. Minn. Stat. § 246B.04, subd. 2. The statute provides:

> **Subd. 2. Ban on obscene material or pornographic work.** The Commissioner shall prohibit persons civilly committed as sexual psychopathic personalities or sexually dangerous persons . . . from having or receiving material that is obscene as defined under section 617.241, subdivision 1, material that depicts sexual conduct as defined under section 617.241, subdivision 1, or pornographic work as defined under section 617.246, subdivision 1, while receiving services in any secure treatment facilities operated by the Minnesota sex offender program or any other facilities operated by the commissioner.

Following passage of this statute, the MSOP distributed an internal procedure entitled "Ban on Sexually Explicit, Obscene or Pornographic Materials" (the "Ban"). The Ban expands the definition of "sexually explicit" beyond the statutory definition of "sexual conduct" to include any "published materials featuring nudity or any non-published materials depicting nudity." (Ivey Aff. Ex. D at 2.)

Plaintiff is civilly committed to the MSOP in St. Peter, Minnesota, as a Sexually Psychopathic Personality and a Sexually Dangerous Person.[4] According to the complaint, plaintiff received a copy of the MSOP Ban dated November 3, 2004, and subsequently deleted from the hard drive of his personal computer several images that, while not obscene, were considered contraband under the Ban. Plaintiff further alleges that his computer was confiscated because it contained "nudity" under the Ban, consisting of a collection of *Playboy* magazine covers from the magazine's first fifty years. As a result of these violations, plaintiff lost access to his privately-owned computer for a minimum period of one year and was precluded from using a fellow patient's computer during that time.

Plaintiff sought a declaratory judgment finding Minnesota Statutes §§ 246B.04, subd. 2, 617.241, subd. 1(b), and the MSOP Ban unconstitutional. Plaintiff also sought an order enjoining defendants from implementing §§ 246B.04, subd. 2, 617.241, subd. 1(b), and the Ban. Defendants moved to dismiss each of plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6). The Magistrate Judge recommended denial of defendants' motion with respect to plaintiff's First and Fourteenth Amendment challenges to § 246B.04, subd. 2, and the Ban (Counts Two, Four, and Five). Defendants object to the Magistrate Judge's recommendation that this Court deny dismissal of Counts Two, Four, and Five.

---

[4] *See* In re *Christopher Ivey*, 687 N.W.2d 666-667 (Minn. Ct. App. 2004).

The Court finds that plaintiff has presented potentially significant constitutional claims that may have important ramifications for other civilly committed patients. Because plaintiff is acting without the benefit of counsel, and has raised important constitutional questions at this early stage of the proceedings, the Court denies defendants' motion to dismiss in order that plaintiff may seek counsel on his behalf. The Court will stay this matter for thirty (30) days to allow plaintiff an opportunity to secure representation in this matter. The Court therefore adopts at this time the Magistrate Judge's Recommendation denying defendants' motion to dismiss Counts Two, Four, and Five, but defers its review of the Report with respect to those Counts. Defendants may renew their motion to dismiss, or file an answer to plaintiff's complaint, within sixty (60) days of the date of this Order.

## ORDER

Based on the foregoing, all the records, files, and proceedings herein, the Court **ADOPTS in part** and **DEFERS in part** the Magistrate Judge's August 17, 2006 Report and Recommendation [Docket No. 27]. Accordingly, **IT IS HEREBY ORDERED** that.

1. As to Counts One and Three of plaintiff's complaint, the Report and Recommendation is **adopted**. Defendants' motion to dismiss for failure to state a claim [Docket No. 10] is **GRANTED** with respect to Counts One and Three of plaintiff's complaint.

2. As to Counts Two, Four and Five of plaintiff's complaint, the Recommendation **only** of the Report and Recommendation is **adopted**. Defendants'

motion to dismiss for failure to state a claim [Docket No. 10] is **DENIED** with respect to defendants' motion to dismiss Counts Two, Four, and Five of plaintiff's complaint.

**IT IS FURTHER HEREBY ORDERED** that:

3. Cal Ludeman shall be substituted as defendant for Kevin Goodno.

4. The case is **STAYED** for thirty (30) days from the date of this order to allow plaintiff an opportunity to obtain representation.

5. Defendants shall have sixty (60) days from the date of this Order to file an answer or renew their motion to dismiss as to Counts Two, Four and Five of plaintiff's complaint..

DATED:   September 26, 2006           s/ John R. Tunheim
at Minneapolis, Minnesota.          JOHN R. TUNHEIM
         United States District Judge